# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| **SHARLENE BANCS**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 0:22-cv-61600 |
| | Judge: |
| **THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA**, | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **SHARLENE BANCS** ("**BANCS**" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Americans with Disabilities Act (ADA) and Florida Civil Right Act (FCRA) for discrimination in violation of the ADA.

## PARTIES

2. The Plaintiff, **SHARLENE BANCS** ("**BANCS**" or "Plaintiff") is an individual and a resident of Broward County, Florida, and is employed by Defendant, **THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA** in Broward County, Florida.

3. Defendant, **THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA** ("**SCHOOL BOARD**") operates the public schools in Broward County, Florida. The Defendant is an employer under the ADA and the FCRA, and employed **BANCS** in Broward County, Florida.

4. At all material times, **SCHOOL BOARD** employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **BANCS**' state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Southern District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Broward County, Florida, which is within the Southern District of Florida. Venue is proper in the Ft. Lauderdale Division since Broward County is within the Fort Lauderdale Division.

8. **BANCS** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on June 1, 2022 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A).

## GENERAL ALLEGATIONS

9. **BANCS** began her employment with **SCHOOL BOARD** in or about 2007, and was employed as a teacher.

10. **BANCS** always performed her assigned duties in a professional manner and was very well qualified for her position despite being a qualified person with a disability.

11. **BANCS** always received good performance reviews from Defendant prior to developing a disability and requesting reasonable accommodations.

12. **BANCS'** disability consists of hearing impairments, which affect the major life activities of listening, working and communicating.

13. **BANCS'** disability began affecting her ability to perform the essential functions of her position as the COVID-19 pandemic unfolded in 2020.

14. At that time, **BANCS'** requested reasonable accommodations, which consisted of utilizing electronic devices to help her hear and talk to students, having students learn through their laptop with an Instructor's Aid present to assist with getting the students to different transportation points in the building, and utilizing an online meeting platform called TEAMS for meetings and trainings.

15. These requests for reasonable accommodations had been granted.

16. In or about January 2021, **BANCS** asked her school principal if the school had the necessary equipment to meet her previously-granted reasonable accommodations. The principal replied in the negative.

17. As a result, **BANCS** contacted the **SCHOOL BOARD**'s ADA/EEO department to report that her principal was not providing her the necessary reasonable accommodations. The ADA/EEO department instructed her principal to afford the previously-granted reasonable accommodations.

18. However, when **BANCS** arrived for the first day of class, none of the reasonable accommodations were available or provided. An Instructor's Aid was present on the first day of class in the midday only but was inconsistent the remainder of the time. Eventually, **BANCS** was forced to work without an Instructional Aid, despite the fact such Aids were provided to non-disabled teachers outside of her protected class. This made performing the essential functions of her position incredibly difficult.

19. On January 10, 2021, **BANCS** complained to the **SCHOOL BOARD**'s ADA/EEO department about the failure to provide reasonable accommodations, and the ADA/EEO department assured her that the electronic devices used to help her hear and talk to students had been ordered. Without this accommodation, **BANCS** could not perform the essential functions of her position, and she continued to work from a remote location, but her principal nevertheless recorded her as absent and docked her sick time.

20. This continued for the remainder of the 2020-21 school year.

21. In August 2021, **BANCS** was preparing to return for another school year. Upon beginning work in August 2021, **BANCS'** principal informed her that he would not permit her reasonable accommodations to continue into the 2021-22 school year.

22. **BANCS** promptly complained to the **SCHOOL BOARD**'s ADA/EEO department, which assured her that her accommodations would be renewed. They were not. Instead, her principal stated that the "needs of the school" had suddenly changed and that the previously-granted reasonable accommodations could not longer be accommodated. The principal refused to elaborate.

23. Because of the principal's actions, the **SCHOOL BOARD** forced **BANCS** to begin the ADA reasonable accommodation process from scratch. The principal's suggested accommodation was for **BANCS** to utilize a bullhorn, which **BANCS** had explained previously was completely inadequate, particularly since her previously-granted reasonable accommodation had allowed her to perform the essential functions of her position very well, and a bullhorn did not properly amplify her voice, certainly did not allow her to better hear students, and actually caused damage to her already-impaired hearing.

24. The principal refused to use TEAMS for meetings and training with **BANCS**, in addition to denying her other previously-granted reasonable accommodations.

25. Nevertheless, **BANCS** remained scheduled to teach for the **SCHOOL BOARD** for the 2021-22 school year, and thus continue her employment.

26. Despite virtual teaching positions being available, the **SCHOOL BOARD** refused to assign **BANCS** to a virtual teaching position. Instead, **BANCS** was assigned to an in-classroom teaching position but with much younger students who were more difficult to teach as she was hearing impaired. This – combined with the denial of her previously-granted reasonable accommodations – prevented **BANCS** from performing the essential functions of her job.

27. Meanwhile, the **SCHOOL BOARD** took no affirmative steps to investigate **BANCS'** complaints regarding disability discrimination and the denial of her reasonable accommodations. When **BANCS** raised the issue of her reasonable accommodations being denied, the **SCHOOL BOARD** would either end the conversation or mislabel it as "bullying."

28. On June 7, 2022, **BANCS** timely submitted her Notice of Intent to return for the 2022-23 school year. The Notice of Intent was submitted to **SCHOOL BOARD** electronically.

29. Despite the fact that her Notice of Intent had been timely submitted, the **SCHOOL BOARD** suddenly informed her that the form was late and that she would be terminated.

30. The **SCHOOL BOARD** has not yet terminated **BANCS**, but it has continued to deny her access to reasonable accommodations in violation of the ADA.

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

31. Plaintiff incorporates by reference Paragraphs 1-30 of this Complaint as though fully set forth below.

32. At all relevant times, **BANCS** was an individual with a disability within the meaning of the ADAAA.

33. Specifically, **BANCS** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

34. **BANCS** is a qualified individual as that term is defined in the ADAAA.

35. **BANCS** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

36. At all material times, **BANCS** was an employee and the Defendant was her employer covered by and within the meaning of the ADAAA.

37. **BANCS** has disabilities, which qualify under the ADAAA.

38. Defendant discriminated against **BANCS** with respect to the terms, conditions, and privileges of employment because of her disabilities, and has been denied reasonable accommodations.

39. Defendant conducted itself with malice or with reckless indifference to **BANCS'** federally protected rights.

40. Defendant discriminated against **BANCS** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

41. The conduct of Defendant altered the terms and conditions of **BANCS**'s employment and **BANCS** suffered negative employment action in the form of discipline and threatened termination.

42. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **BANCS** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

43. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **BANCS** is entitled to all relief necessary to make her whole.

44. As a direct and proximate result of the Defendant's actions, **BANCS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

45. **BANCS** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **SHARLENE BANCS**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: August 26, 2022      **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com